# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Tamela Milkovich, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-1390 |
| ) | |
| Sun Life Assurance Company of Canada, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, Tamela Milkovich, by her attorney, David Hicks, and complaining against the Defendant, Plaintiff alleges the following:

### Jurisdiction and Venue

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). These provision give the district courts jurisdiction to hear civil action brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long term disability plan underwritten and insured by Sun Life Assurance Company of Canada. In addition, this action may be brought before this court pursuant to 28 U.S.C. §1331, which give the district court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3. Venue is proper in the Southern District of Illinois. 29 U.S.C. §1132(e)(2), 28 U.S.C. §1391.

## Nature of Action

4. This is a claim seeking payment of disability income benefits pursuant to a policy of insurance underwritten and insured by Sun Life Assurance Company of Canada, to provide Long Term Disability Insurance Benefits under a benefit plan to employees of Children's Home and Aid Society of Illinois under Policy No. 232379-001. This action seeking recovery of benefits, is brought pursuant to 29 U.S.C. §1132(a)(1)(B).

## The Parties

5. Tamela Milkovich ("Milkovich") is and was a resident of Macoupin County, Illinois at all times relevant hereto.

6. Children's Home and Aid Society of Illinois ("Children's Home") is an Illinois corporation which conducts business in Granite City, Illinois and is where Milkovich's was employed and worked.

7. Sun Life Assurance Company of Canada ("Sun Life") is an insurance company which has, at all times relevant hereto, done business within this district. The Plan is an employee benefit plan which has operated and exists within this district at all times relevant hereto.

8. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1); and incident to her employment, Milkovich received coverage under the Plan as a "participant" as defined by 29 U.S.C. §1002(7). This claim relates to benefits under the foregoing Plan.

## Statement of Facts

9. Milkovich was employed in a full-time capacity by Children's Home as a CCAP Specialist until August 6th, 2016, when she had to cease working due to multiple sclerosis..

10. Subsequent to ceasing her employment, Milkovich applied for benefits under the Plan stating that due to her medical conditions, she met the Plan definition of "Disabled," which provides for payment of benefits if:

during the Elimination Period and the next 36 months, the Employee, because of Injury or Sickness, is unable to perform the Material and Substantial Duties of her Own Occupation. After Total or Partial Disability benefits combined have been paid for 36 months, the Employee will continue to be Totally Disability if she is unable to perform with reasonable continuity any Gainful Occupation for which she is or becomes reasonable qualified for by education, training or experience.

11. On April 10, 2017, Sun Life determined that Milkovich did not meet the definition of Disabled under the Plan and denied Milkovich's application for disability benefits.

12. The determination by Sun Life is contrary to the terms of the welfare benefit plan and has no rational support in the evidence. That decision was also contrary to the reports of all treating and examining physicians and their assessments.

13. As a direct and proximate result thereof, based on the evidence submitted to Sun Life establishing that Milkovich has met the Plan definitions of "disabled" continuously since the onset of her disability, and that she continues to meet that definition, Plaintiff is entitled to payment of monthly disability insurance payment retroactive to 11/01/2016, plus interest on all overdue payments at the statutory rate of 5% in accordance with 815 ILCS 205/2.

14. Plaintiff also was a participant in a Group Life Insurance Benefit (Group Policy Number: 232379) provided to employees of Children's Home and underwritten and insured by Sun Life. On April 11, 2017, Sun Life notified that Milkovich that she does not qualify for the Group Life Insurance Waiver of Premium benefit claim, as Sun Life determined that she was not Totally Disabled as defined by the Group Policy.

15. Milkovich made timely appeals of both the disability benefit denial and life insurance Waiver of Premium denial. Sun Life upheld its prior denials on appeal.

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against Defendant and that the Court order Defendants to pay disability income benefits to Plaintiff in an amount equal to the contractual

amount of benefits to which she is entitled;

B. That the Court order the Defendant to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment at the rate of 5% per annum;

C. That the Court order Defendant to continue paying Plaintiff benefits until such time as she meets the policy conditions for discontinuance of benefits;

D. That the Court order Defendant to reinstate Plaintiff's Group Life Insurance under Waiver of Premium provisions for Totally Disabled participants;

E. That the Court award Plaintiff attorney's fee pursuant to 29 U.S.C. §1132(g); and

F. That Plaintiff recover any and all other relief to which she may be entitled, as well as the costs of suit.

Date: 12-27-2017

Respectfully submitted,

David Hicks
Attorney for Plaintiff

David Hicks
David M. Hicks, P.C.
7720 Stonebridge Golf Drive
Maryville, IL 62062
618-343-0901
618-301-3360 (fax)
davidmhickspc@hushmail.com